(98 App. Div. 127)

## VOEGELE v. BARDUSCH.

(Supreme Court, Appellate Division, First Department. November 25, 1904.)

1. MASTER AND SERVANT—INJURIES TO SERVANT—CONTRIBUTORY NEGLIGENCE.

The negligent absence of a master from a machine near which he had agreed to stand while the servant was operating it does not authorize a recovery by the servant for the loss of his fingers in the machine, where such loss was the result of his own negligence in permitting his thumb to be caught in the machine, thereby drawing in his fingers.

Appeal from Trial Term, New York County.

Action by William Voegele against Jacob Bardusch, Jr. From a judgment for plaintiff and from an order denying a new trial, defendant appeals. Reversed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, O'BRIEN, and LAUGHLIN, JJ.

L. Sidney Carrere, for appellant.
Frank Herwig, for respondent.

LAUGHLIN, J. The action is brought to recover damages for personal injuries sustained by the plaintiff through the alleged negligence of the defendant. On the 8th day of December, 1900, the plaintiff, a butcher by trade, and then 25 years of age, was employed by the defendant to operate a meat-cutting machine. The machine upon which he was to work was run by electric power. The plaintiff had previously worked upon hand meat-cutting machines and those operated by steam power, but not upon any operated by electric power, and so informed the defendant. The defendant thereupon, according to the testimony of the plaintiff, said that he would run the machine for a few days until the plaintiff was able to operate, and would show him how; and further promised to remain there from the time the machine started until it stopped. The plaintiff says that it was understood that during these few days it would be his duty merely to feed the machine. In feeding the machine the meat is put in at the top, where there is a roller which mashes it and carries it to an iron plate with knives, which mince it. At the commencement of the plaintiff's services, the defendant applied the power, and the plaintiff fed meat into the machine for about half an hour, when the defendant turned the power off. It was then discovered that sufficient meat had not been cut for use in making bologna sausage, as the defendant contemplated, and the plaintiff was directed to bring and prepare more meat, which he did. The defend-

¶ 1. See Master and Servant, vol. 34, Cent. Dig. § 795.

ant again applied the power, and shortly thereafter, while feeding meat into the machine, the plaintiff's thumb became caught between the roller and the cover, which, it is to be inferred, inclosed the machine except at the opening where the meat was fed into it. The plaintiff immediately shouted, "Stop the machine!" The defendant at this time was in the store about 25 feet distant, and before he could return the plaintiff's fingers were caught or drawn in and cut off.

The court instructed the jury that the defendant was not responsible for the injury to the plaintiff's thumb; but, if they found that the defendant agreed to remain at the machine, and turn on and off the power, they might find him liable for the loss of the fingers upon the theory that he was negligent in leaving the machine and not being where he could turn off the power the instant the plaintiff's thumb was caught. Counsel for the defendant duly excepted to the latter instruction, and requested the court to charge that, if the plaintiff's thumb was caught through his own carelessness or negligence, there could be no recovery. The court declined to so charge, and counsel for the defendant excepted. We are of opinion that this exception presents reversible error. Only an exceedingly short interval of time elapsed after the plaintiff caught his thumb before his fingers were caught or drawn in. It is exceedingly doubtful whether the defendant, even if he had been standing near the machine, could have turned off the power in time to have saved the fingers of the plaintiff; but, assuming that he could, still the plaintiff was not at liberty to allow his thumb to be caught in the machine through his own carelessness or negligence—an act which would likely result in drawing in his fingers—and then hold the defendant responsible for his absence from the machine, even if that were a negligent act. In these circumstances it could not be said that the plaintiff's negligence in allowing his thumb to be caught was not a con-tributing cause to the loss of his fingers. The jury might well have found upon the evidence that the plaintiff was negligent in feeding the machine in a manner which resulted in his thumb becoming caught. If so, such negligence was the direct and proximate cause of the loss of the fingers. It will not do to allow a jury to speculate upon the theory that the plaintiff was free to negligently allow his hand to become injured to such an extent as he saw fit, and then to demand that the defendant be at his post, and stop further injuries, and for his failure to do so to assess against him that part of the damages which they might think he could have prevented.

It follows, therefore, that the judgment and order should be reversed, and a new trial granted, with costs to appellant to abide the event. All concur.